812 F.2d 1407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jennifer JETER, Plaintiff-Appellee,
v.
Douglas RICE, Pepsico, Inc., d/b/a Taco Bell, Defendants-Appellants.
 No. 85-3118.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1987.
 
 Before ENGEL and JONES, Circuit Judges; and ALLEN, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendants appeal a jury verdict against them by the United States District Court for the Northern District of Ohio on plaintiff's Title VII, 42 U.S.C. Sec. 2000e-3a, and 42 U.S.C. Sec. 1981 claims, on grounds of retaliatory discharge.
 
 
 2
 Plaintiff, a black female, worked for defendants in a non-supervisory capacity. When two whites were appointed to supervisory positions in 1982, plaintiff filed a complaint with the EEOC. The charge was resolved by defendants' agreement to appoint plaintiff to the next supervisory opening. In 1982 plaintiff was appointed shift manager. Defendant Rice became store manager in 1983. Rice fired plaintiff in June, one month after he became manager. Plaintiff sued, alleging that her discharge was in retaliation for bringing her 1982 discrimination charge to the EEOC. She also brought a conspiracy claim, which the district court dismissed. However, the trial court awarded $11,375.64 in backpay and $10,103.60 in attorney's fees, after the jury found for the plaintiff. The trial court also ordered defendants to reinstate plaintiff and to promote her to a supervisory position that would produce an average two week pay based on seventy-four hours' work.
 
 
 3
 On appeal defendants argue (1) the district court's finding of retaliatory termination was clearly erroneous because the plaintiff failed to prove a prima facie case, and the defendant produced substantial evidence of a legitimate business reason for termination; and (2), that the award and reinstatement order are an abuse of discretion because plaintiff was enrolled as a full-time student after her discharge, and was an unacceptably poor employee.
 
 
 4
 For the reasons set forth in the memorandum opinion of United States District Judge David D. Dowd, Jr., filed in the district court on January 29, 1985, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Charles M. Allen, Senior Judge, United States District Court for the Western District of Kentucky, sitting by designation